Matter of the Estate of WILHELMINA GINDLER, Deceased.

(Surrogate's Court, New York County, April, 1920.)

*Executors and administrators — preferred legacy paid in part upon giving bond — Code Civ. Pro. §§ 2687, 2688.*

APPLICATION for the payment of a preferred legacy.

William C. Morton, for petitioner.

Peter Cook, for executor.

FOLEY, S. This is an application by a legatee under section 2687 of the Code of Civil Procedure for the payment of a preferred legacy in the sum of $4,000, together with a portion of the interest on a certain mortgage directed to be paid to petitioner by the will.

The petitioner's legacy of $4,000 is in the same class with other preferred legacies amounting to $13,000. These legacies are directed by the eighth paragraph of the will to be " paid in full before the payment of any of the other legacies herein directed to be paid by my executor so soon after my decease as is permitted by law, out of any money then in his hands."

Letters were issued in July, 1919. Publication of notice to creditors has been completed, but the executor has not yet accounted. The executor shows that he has not in his hands at the present time sufficient funds to pay the preferred legacies in full. He has $13,318 in cash. A claim in the amount of $2,400 has been filed against the estate. Funds must also be reserved for administration expenses. It appears, therefore, that not more than half of the preferred legacies can properly be paid at this time. I am of the opinion that the rights of all persons interested, who are not parties herein, will be amply protected if the executor is directed to pay one-half of the petitioner's preferred legacy upon the petitioner's giving a bond as provided in section 2688 of the Code of Civil Procedure. The petitioner is also entitled, by the express terms of the will, to his proportionate share of the interest on the mortgage collected by the executor since the death of the testator.

Former attorneys for the petitioner in the probate proceeding file an affidavit and request the court to

order that any money payable to the petitioner be paid in a manner which will protect said attorneys. This court has no power to make such a direction. These attorneys do not represent the petitioner in this, a separate proceeding, and assert no lien under section 475 of the Judiciary Law. No assignment by the petitioner to them is alleged. Any rights they may have under the percentage contract of retainer can be determined in the proper tribunal. Incidentally the balance of legacy remaining unpaid is amply sufficient to protect the attorneys' lien should it be established.

The application for payment of the preferred legacy and for payment of part of the interest collected on the mortgage is granted as indicated.

Application granted.